JS 44 (Rev 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jodi Darrah

**(b)** County of Residence of First Listed Plaintiff **New Castle**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Murphy, Esq., Murphy Law Group, LLC, Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103, 267-273-1054

## DEFENDANTS
Pain Management & MRI Philadelphia, Delaware County & Delaware

County of Residence of First Listed Defendant **Delaware**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
42 U.S.C. § 12101, et seq.; 77 P.S. § 1-1031, et seq.
Brief description of cause:
Americans with Disabilities Act and Workers' compensation retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE 11/21/18
SIGNATURE OF ATTORNEY OF RECORD

NOV 21 2018

**FOR OFFICE USE ONLY**
RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

18CV5062

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2138 Haven Road, Apt. C, Wilmington, DE 19809

Address of Defendant: 1308 Macdade Boulevard, Folsom, PA 19033

Place of Accident, Incident or Transaction: 1308 Macdade Boulevard, Folsom, PA 19033

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/21/18          *Attorney-at-Law / Pro Se Plaintiff*          91262  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations [✓]
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify)* _____

**B. Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify)* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
   *(Please specify)* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Michael Murphy**, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

NOV 21 2018

DATE: 11/21/18          *Attorney-at-Law / Pro Se Plaintiff*          91262  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CFK

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Jodi Darrah | CIVIL ACTION |
| v. | |
| Pain Management & MRI Philadelphia, Delaware County & Delaware | NO. 18cv5062 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| | | |
|---|---|---|
| 11/21/18 | Michael Murphy, Esq. | Jodi Darrah |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (267) 273-1054 | (215) 525-0210 | murphy@phillyemploymentlawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 21 2018



# MURPHY LAW GROUP, LLC

DEDICATED TO PROTECTING EMPLOYEE RIGHTS

**ATTORNEYS**

MICHAEL MURPHY**
MICHAEL C GROH***
BENJAMIN SALVINA**
PREEYA BANSAL**
NORA L OLSEWSKI*

*(Admitted in PA)
**(Admitted in PA & NJ)
***(Admitted in PA, NJ, & NY)

November 21, 2018

**Via Hand-Delivery**

Clerk of Court
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

        Re:    Jodie Darrah v. Pain Management & MRI Philadelphia,
               Delaware County & Delaware

Dear Sir/Madam:

      Enclosed, for filing with respect to the above-referenced matter, please find an original and two copies of the Plaintiff's Civil Action Complaint, a Civil Cover Sheet, and a check made payable to Clerk, United States District Court, in the amount of $400.00. Please time stamp the extra copy of the Complaint and return to me in the self-addressed envelope I have enclosed. A PDF copy of the Complaint has been saved on the enclosed disc.

      If you have any questions, please do not hesitate to contact me. Thank you for your assistance.

Very truly yours,

Michael Murphy

MM/el
Enclosures
cc:    Jodi Darrah (via electronic mail)



Eight Penn Ctr., Ste 2000
1628 John F Kennedy Blvd.
Philadelphia, PA 19103
T: 267.273.1054  F 215.525.0210
murphy@phillyemploymentlawyer.com
www.phillyemploymentlawyer.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JODI DARRAH
2138 Haven Road
Wilmington, DE 19809

        Plaintiff,

v.

PAIN MANAGEMENT & MRI
PHILADELPHIA, DELAWARE
COUNTY & DELAWARE
1308 Macdade Boulevard
Folsom, PA 19033

        Defendant.

Civil Action No.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT – CIVIL ACTION

Plaintiff, Jodi Darrah ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Pain Management & MRI Philadelphia, Delaware County & Delaware ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff initiates this action contending Defendant interfered with and violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Pennsylvania common law, and ultimately terminated his employment in retaliation for his attempts to exercise those right in violation of the same. As a result, Plaintiff has suffered damages as set forth herein.

### PARTIES

2. Plaintiff, Jodi Darrah, is a citizen of the United States and Delaware and currently maintains a residence located at 2138 Haven Road, Wilmington, DE 19809.

3. Defendant, Pain Management & MRI Philadelphia, Delaware County & Delaware, is a business existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 1308 Macdade Boulevard, Folsom, PA 19033.

## JURISDICTION AND VENUE

4. Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5. On or about February 7, 2018, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 29 U.S.C. § 621, *et seq*. Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2018-02174. Plaintiff's EEOC Charge was filed within three hundred (300) days of the unlawful employment practice.

6. By correspondence dated August 27, 2018, Plaintiff received a Notice of Rights to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

7. Plaintiff has timely filed this Complaint and, therefore, exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

9. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as Defendant resides in this judicial district, doing business therein, and the events giving rise to this action occurred bringing rise to this action occurred in this judicial district.

## FACTUAL BACKGROUND

10. Paragraphs 1 through 9 are hereby incorporated by reference as though the same were fully set forth at length herein.

11. On or about January 11, 2016, Defendant hired Plaintiff into the position of Driver.

12. Throughout the duration of his employment, Plaintiff performed his job well, receiving positive reviews, no significant discipline, occasional raises, and occasional praise for his work.

13. On or about August 4, 2017, while performing his duties within the scope of his employment, Plaintiff was involved in a motor vehicle collision. Specifically, Plaintiff was rear-ended.

14. Shortly thereafter, Plaintiff reported the motor vehicle collision to Defendant and was taken to a local emergency room.

15. Additionally, Plaintiff sought treatment with Defendant's workers' compensation doctor.

16. Upon information and belief, Defendant's workers' compensation doctor diagnosed Plaintiff with bruised and herniated discs in the lumbar region of his spine.

17. Plaintiff's condition is a disability within the meaning of the ADA in that it substantially affected his ability to walk, run, bend, twist, and lift for prolonged periods of time.

18. As a result of his foregoing injuries, Defendant's workers' compensation physician took Plaintiff out of work for approximately one (1) week.

19. Such request for medical leave constitutes a request for a reasonable accommodation under the ADA.

20. Strangely, before Plaintiff could return to work, Defendant informed him that he was being terminated. Specifically, Defendant notified Plaintiff that he was being terminated due to "restructuring in the transportation department."

21. Indeed, Plaintiff was the only employee affected by Defendant's "restructuring."

22. In light of the foregoing, it is believed and therefore averred Defendant's suggested reason for Plaintiff's termination was pretextual, and Plaintiff was actually terminated on the basis of his disabilities and/or record of impairment, such disabilities Defendant regarded him as having, and in retaliation for his requests for accommodation in connection with his disabilities, in violation of the ADA. Further, it is believed and therefore averred that Defendant terminated Plaintiff's employment in retaliation for exercising his right to workers' compensation in violation of Pennsylvania common law.

## COUNT I
## AMERICANS WITH DISABILITIESACT
## 42 U.S.C. § 12101, *et seq.*
## **DISCRIMINATION, RETALIATION, AND FAILURE TO ACCOMMODATE**

23. Paragraphs 1 through 22 are hereby incorporated by reference as though the same were fully set forth at length herein.

24. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, ("ADA").

25. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities that substantially limit one or more major life activities.

4

26. Plaintiff's bruised and herniated discs in the lumbar spine region limited his ability to engage in major life activities, including walking, running, bending, twisting, and lifting for prolonged periods of time.

27. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

28. Plaintiff's request for leave for the above-mentioned condition(s) constituted a request for a reasonable accommodation under the ADA.

29. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees has violated the ADA by terminating Plaintiff's employment because of his actual and/or perceived disabilities and request for a reasonable accommodation in connection thereto.

30. It is further alleged, by reasons of the foregoing, Defendant unlawfully failed to provide reasonable accommodations for Plaintiff's disabilities, or engage in good-faith in the interactive process.

31. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotion distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.  Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.  Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

D.  Pre-judgment interest in an appropriate amount; and

E.  Such other and further relief as is just and equitable under the circumstances.

F.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable federal law.

## COUNT II
## PENNSYLVANIA WORKERS' COMPENSATION ACT/
## WRONGFUL DISCHARGE UNDER PENNSYLVANIA COMMON LAW
## 77 P.S. § 1-1031, *et seq.*
## RETALIATION

32.  Paragraphs 1 through 31 are hereby incorporated by reference as though the same were fully set forth at length herein.

33.  At all times relevant hereto, Defendant was subject to provisions of the Pennsylvania Workers' Compensation Act ("PWCA").

34.  Plaintiff suffered a work-related injury and requested workers' compensation benefits in connection thereto.

35.  As a result of Plaintiff's workplace injuries set forth above, Plaintiff filed a petition for workers' compensation benefits against Defendant.

36. The PWCA, in pertinent part, prohibits an employer from taking any adverse employment action against an employee in retaliation for the employee exercising his right to file a petition for workers' compensation benefits thereunder.

37. It is believed and therefore averred Defendant unlawfully violated Pennsylvania's Workers' Compensation Law and/or the public policy exception to Pennsylvania's common law tradition of at-will employment by unlawfully and retaliatorily terminating Plaintiff's employment because of Plaintiff's claim for benefits under Pennsylvania Workers' Compensation Law.

**WHEREFORE**, Plaintiff respectfully request that this Court enter judgment in his favor and against Defendant and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, loss of fringe benefits, and raises in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Compensatory, exemplary, and/or punitive damages;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances.

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

MURPHY LAW GROUP, LLC

By: _____
Michael Murphy, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: November 21, 2018

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to the same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or date which may be relevant to any claim or defense in this litigation.